**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
                              )
ROBERT COHEN,                 )
                              )
          Plaintiff,          )
     v.                       )
                              )
BOARD OF TRUSTEES OF THE      ) Civil Action No. 14-754 (EGS)
UNIVERSITY OF THE DISTRICT    )
OF COLUMBIA, et al.,          )
                              )
          Defendants.         )
                              )
```

## MEMORANDUM OPINION

Pending before the Court are four motions. First, the defendants have moved to dismiss this case. *See* Defs.' Mot. to Dismiss, ECF No. 3. Plaintiff failed to oppose that motion and has filed an untimely motion to extend the deadline for doing so. *See* Pl.'s Mot. to Extend ("Mot."), ECF No. 5. Defendants oppose the motion for extension. Plaintiff, having failed to file a timely reply in support of that motion, filed an untimely motion to extend the deadline for filing that brief. *See* Pl.'s Second Mot. to Extend, ECF No. 10. Finally, plaintiff moves to amend his Complaint. *See* Pl.'s Mot. to Amend, ECF No. 8.

The Court is conscious of the general presumption in favor of resolving disputes on their merits. This presumption, however, cannot overrule legal requirements. To obtain an extension of time within which to file a timely opposition to the motion to dismiss, plaintiff must show that his neglect was *excusable*; he

has failed to do so here. Accordingly, upon consideration of the pending motions, the responses thereto, the applicable law, and the entire record, the Court **DENIES** plaintiff's motions for extension of time, **GRANTS** defendant's unopposed motion to dismiss, and **DENIES AS MOOT** plaintiff's motion to amend his complaint.

I. BACKGROUND

This case was filed in the Superior Court of the District of Columbia on September 9, 2013. *See* Compl., ECF No. 2-4 at 145–52. In his initial Complaint, plaintiff alleged that he was terminated in violation of the collective-bargaining agreement applicable to his position. *Id.* at 151–52. On March 14, 2014, the Superior Court dismissed that claim and gave plaintiff until April 1, 2014 to file an amended complaint. *See* Order, ECF No. 2-2 at 198. Plaintiff's Amended Complaint was filed on April 2, 2014. *See* First Am. Compl., ECF No. 2-2 at 95–108. Although the complaint was filed one day late, the Superior Court ultimately accepted it. *See* Order, ECF No. 2-1 at 4.[1] The First Amended Complaint raised new claims, including a claim that plaintiff

---

[1] This was not plaintiff's first failure to meet a deadline. Some defendants moved to dismiss the initial Complaint on December 19, 2013. *See* Defs.' Mot. to Dismiss, ECF No. 2-4 at 27–39. Plaintiff failed to file a timely opposition and, on January 22, 2014, the Superior Court entered an order permitting him to file a response by January 27, 2014. *See* Order, ECF No. 2-4 at 20. Plaintiff ultimately received an extension of that deadline and filed his opposition brief.

was deprived of his constitutional right to due process. First Am. Compl., ECF No. 2-2 at 100-06. In light of this federal claim, the defendants removed the case to this Court on April 30, 2014. *See* Notice of Removal, ECF No. 1.

Pursuant to Federal Rule of Civil Procedure 81(c)(2), defendants' response to the First Amended Complaint was due on May 7, 2014. That day, the defendants filed the pending motion to dismiss. *See* Defs.' Mot. to Dismiss, ECF No. 3. Pursuant to Federal Rule 6 and Local Civil Rule 7(b), plaintiff's opposition was due on May 27, 2014. He missed that deadline.[2] On June 5, 2014, plaintiff moved to extend the deadline for his response to the motion to dismiss to June 20, 2014. *See* Mot.[3]

---

[2] Hours after the motion to dismiss was filed on May 7, 2014, plaintiff's counsel filed a document that purported to be a reply brief in support of a motion to permit the late filing of his First Amended Complaint. *See* ECF No. 4. The purpose of this filing is unclear, as the Superior Court had already accepted the First Amended Complaint on May 1, 2014. *See* Order, ECF No. 2-1 at 4. The Court mentions this filing because plaintiff entitled it a response to the motion to dismiss, but it bears no relation to the motion to dismiss. *See* ECF No. 4.

[3] On June 20, 2014, plaintiff filed his opposition to the motion to dismiss. *See* Proposed Opp. to Mot. to Dismiss, ECF No. 7. The defendants' reply in support of their motion to dismiss is currently due on July 9, 2014, but this ruling obviates the need for a reply brief. Also on June 20, 2014, plaintiff filed a motion to amend his Complaint. *See* Mot. to Amend, ECF No. 8. That motion is not yet ripe, but this ruling renders it moot. Moreover, the motion to amend fails to comply with Local Civil Rule 7(m) because it does not "include . . . a statement as to whether the motion is opposed."

Mr. King, plaintiff's counsel, asserts that he failed to file an opposition brief because, on the day the motion to dismiss was filed, he "downloaded and opened the document but believed that the PDF document was incomplete because it appeared to start on a random page, and the pages that appeared were the exhibits to the motion." *Id.* at 3. Rather than reviewing all docket entries associated with the motion to dismiss, Mr. King concluded "that the filing was made in error," "waited for a corrected version or a supplement to be filed," and "asked a staff member to also check the filing to confirm that it was missing the actual motion." *Id.* The staff member also "inadvertently found the filing to be incomplete." Pl.'s Proposed Reply Brief, ECF No. 11 at 8.

Approximately one week later, Mr. King "checked the docket again and saw no new entries on the docket to correct the filing." Mot. at 3. He continued to assume that the motion to dismiss had been entered in error. Mr. King did not discover his error until defendants' counsel sent him notice of their intent to move for sanctions pursuant to Federal Rule of Civil Procedure 11. *See id.*[4] This prompted Mr. King to "check[] the docket again," at which time he "was able to download the motion." *Id.* He now understands that "when he originally

---

[4] The basis for sanctions has not been revealed to the Court and no motion for sanctions has been filed.

attempted to download the motion he simply incorrectly clicked on the wrong link (exhibits instead of leading document)." *Id.* at 4.

On June 12, 2014, defendants filed an opposition to plaintiff's motion to extend the deadline for opposing the motion to dismiss. *See* Defs.' Opp. to Mot. to Extend, ECF No. 6. Pursuant to Local Civil Rule 7(d) and Federal Rule of Civil Procedure 6, plaintiff's reply to that opposition was due on June 23, 2014. Plaintiff missed that deadline as well. On June 26, 2014, he moved to extend the deadline for filing his reply brief to July 1, 2014. *See* Pl.'s Second Mot. to Extend, ECF No. 10 at 5. The defendants consented to that request. *See id.* Plaintiff filed his proposed reply brief on July 1, 2014. *See* Pl.'s Proposed Reply Brief, ECF No. 11.

## II. ANALYSIS

### A. Plaintiff's Motions for Extensions of Time.

Plaintiff moves to extend the deadline for his response to the motion to dismiss ("first extension motion"), and also moves to extend the deadline for his reply in support of the first extension motion ("second extension motion"). Both motions were filed after the applicable filing deadline and are therefore governed by Federal Rule of Civil Procedure 6(b)(1)(B), which permits the court to extend such a deadline "if the party failed to act because of excusable neglect." As a general matter,

"excusable neglect seems to require a demonstration of good faith on the part of the party seeking an enlargement of time and some reasonable basis for noncompliance within the time specified in the rules." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2014). It is an "elastic concept" encompassing "situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 394 (1993). The determination whether neglect is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. These circumstances include (1) "the danger of prejudice to the [non-moving party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Id.*

With respect to both motions, two of the four factors weigh in plaintiff's favor and two weigh against him. Favoring plaintiff, the prejudice to the defendants is relatively minimal, and the Court does not infer bad faith. A third factor, the impact of the delay on judicial proceedings, arguably supports the defendants because plaintiff has repeatedly delayed this action by failing to meet almost every relevant deadline, including

6

deadlines for responding to a motion to dismiss and filing an amended complaint in Superior Court, and deadlines for responding to a motion to dismiss and filing a reply brief in this Court. *See supra* at 2–5 & n.1. Any one of those delays may not alone be a significant burden on judicial proceedings, but the pattern of near-constant delay is notable. *Cf. Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 901 F. Supp. 2d 92, 99 (D.D.C. 2012) (relying in part on "multiple delays" in denying a motion for extension of time and noting that "this is not the first time [the party] has missed a deadline in this action").

Even if all three of these factors weighed in plaintiff's favor, however, "the reason for the delay is the most important [factor], particularly if it weighs against granting the extension." *Id.; see also Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 14 (D.D.C. 2003). For that reason, in the absence of a reasonable excuse for delay, courts regularly deny motions for extension, even if the other factors weigh in the movant's favor. *See, e.g.*, *Inst. for Policy Studies v. CIA*, 246 F.R.D. 380, 382–83 (D.D.C. 2007); *D.A. v. District of Columbia*, No. 7-1084, 2007 WL 4365452, at *3 (D.D.C. Dec. 6, 2007).

Plaintiff has put forth no reasonable excuse for his delay. The Supreme Court has cautioned that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually

constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392.[5] This flows from the need to prevent the exception from swallowing the rule: "If a simple mistake made by counsel were to excuse an untimely filing, it would be hard to fathom the kind of neglect that we would not deem excusable." *Inst. For Policy Studies*, 246 F.R.D. at 383 (quotation marks and alteration omitted). Accordingly, courts have found that a party's misunderstanding of a court order or mis-calendaring of a court deadline does not constitute excusable neglect. *See, e.g.*, *Halmon v. Jones Lang Wootton USA*, 355 F. Supp. 2d 239, 242 (D.D.C. 2005) (excuse that counsel "did not place the due date on her calendar" rejected as "lame"); *Webster*, 270 F. Supp. 2d at 10–11, 14 (attorney mistakenly concluded that the court's order was not a final judgment and therefore missed the deadline to appeal).

At least in the unusual circumstances presented by this case, failure to keep apprised of a case's docket is similarly inexcusable. All counsel have an "obligation to monitor the court's docket and keep apprised of relevant deadlines." *Halmon*, 355 F. Supp. 2d at 244. Plaintiff's counsel's perfunctory review

---

[5] For this reason, plaintiff's second extension motion must be **DENIED**. His reply brief was due on June 23, 2014, but he did not move for an extension until June 26, 2014. *See* Pl.'s Second Mot. to Extend, ECF No. 10. Plaintiff's misunderstanding of Local Civil Rule 7(d) and Federal Rule of Civil Procedure 6 is not excusable neglect. In any event, the arguments contained in plaintiff's reply brief do not alter this Court's conclusion and are therefore addressed in this Opinion.

of documents associated with a dispositive motion fell short of this obligation and he has provided no reasonable excuse for an error that "could have been remedied by a simple look at the docket." *Inst. for Policy Studies*, 246 F.R.D. at 385. Reviewing the docket would have revealed that there are three documents associated with the motion to dismiss: the motion itself, a document entitled "Exhibit A," and a proposed order. *See* Defs.' Mot. to Dismiss, ECF No. 3; Ex. A to Defs.' Mot. to Dismiss, ECF No. 3-1; Proposed Order, ECF No. 3-2.

The Court cannot excuse plaintiff's counsel's failure to read these entries when he knew that a motion to dismiss had been filed. Counsel's obligation to monitor the court's docket extends to reading relevant docket entries and related documents. *See, e.g.*, *In re Am. Classic Voyages Co.*, 405 F.3d 127, 134 (3d Cir. 2005) (neglect inexcusable where the "[d]elay was the direct result of the negligence of . . . counsel in failing to review the Notice sent to him"); *Evans v. City of Neptune Beach*, No. 97-483, 1999 WL 462984, at *2 (M.D. Fla. May 26, 1999) (failure to file timely bill of costs was not due to excusable neglect where counsel "fail[ed] to review the official, docketed copies of both the summary judgment Order and Judgment, which caused them to be unaware of the entry of Judgment and the initiation of the 14-day period for filing their Bills of Costs"). Indeed, this Court's Local Rules mandate

9

that "[a]n attorney . . . who obtains a CM/ECF password" is "responsible for monitoring their e-mail accounts, and, upon receipt of notice of an electronic filing, *for retrieving the noticed filing*." Local Civ. R. 5.4(b)(6) (emphasis added).

Even without reading the docket entries themselves, plaintiff's counsel should have noticed that something was amiss. One week after the motion to dismiss was filed, he reviewed the docket and saw that no corrected motion or Court Order had been filed. *See* Mot. at 3. This should have struck him as odd. The defendants' response to the First Amended Complaint was due on May 7, 2014, *see* Fed. R. Civ. P. 81(c)(2), so they might have risked entry of default by failing properly to respond to the First Amended Complaint. Moreover, neither this Court nor the Clerk's Office made any entry noting an erroneous filing. The absence of such docket activity should have prompted counsel to investigate further. His failure to do so is "garden-variety attorney inattention" of the type courts have found inexcusable. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000). As another Judge of this Court has stressed, "[t]he day has long since arrived whereby an attorney can view a docket in an instant at any time from anywhere . . . . With that change has come a lessening of sympathy by the court for docket-related errors." *Inst. for Policy Studies*, 246 F.R.D. at 385.

For these reasons, the Court **DENIES** plaintiff's first extension motion.

B.  **Defendants' Motion to Dismiss.**

Plaintiff has therefore failed to file a timely response to the motion to dismiss. His opposition was due on May 27, 2014, but was not filed until June 20, 2014. In this Court, the obligation to file a timely opposition to a dispositive motion is governed by Local Civil Rule 7(b), which states that "[w]ithin 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." *See also FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C. Cir. 1997). This Rule "facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). It is within this Court's discretion to grant an unopposed motion as conceded, and the D.C. Circuit has "yet to find that a district court's enforcement of this rule constituted an abuse of discretion." *Bender*, 127 F.3d at 67. Indeed, the Circuit has stated that "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its

enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).[6]

Accordingly, Judges of this Court regularly treat motions as conceded when the opposing party fails to demonstrate excusable neglect for an untimely opposition. *See, e.g.*, *Inst. for Policy Studies*, 246 F.R.D. at 386; *Wilson v. Prudential Fin.*, 218 F.R.D. 1, 3-4 (D.D.C. 2003); *Ramseur v. Barreto*, 216 F.R.D. 180, 182–83 (D.D.C. 2003); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002). Moreover, the D.C. Circuit has specifically expressed skepticism of attempts to blame the ECF system for counsel's failure to oppose a motion. *See Fox*, 389 F.3d at 1294 (rejecting as "plainly unacceptable" and "an updated version of the classic 'my dog ate my homework' line" the excuse that counsel failed to oppose a motion due to "a malfunction in the district court's CM/ECF electronic case filing system," which resulted in "counsel never receiv[ing] an e-mail notifying him of [a] motion to dismiss").[7] As discussed above, plaintiff's

---

[6] In his reply brief, plaintiff cited to cases from other Circuits indicating that courts must address the merits of unopposed motions. *See* Pl.'s Proposed Reply Brief, ECF No. 11 at 4-5. These cases are inapplicable because this Court's Local Rules and this Circuit's precedent indicate that unopposed motions may be granted as conceded.

[7] Plaintiff attempts to distinguish *Fox* by arguing that the parties in that case "attempted to use technology as an excuse for [their] failure to check the docket . . . whereas in the instant matter, Dr. Cohen's counsel was aware of the docket, had been diligently checking the docket, and truly believed he had

12

counsel has proffered no reasonable excuse for his failure to oppose the defendants' motion to dismiss. *See supra* Part II.A. In light of this, the Court will grant the motion as conceded.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motions for extensions of time are **DENIED** and defendants' motion to dismiss is **GRANTED** as conceded. In light of the Court's ruling on the motion to dismiss, plaintiff's motion to amend his Complaint is **DENIED AS MOOT**. An appropriate order accompanies this Memorandum Opinion.

**SIGNED:**  **Emmet G. Sullivan**
**United States District Judge**
**July 7, 2014**

---

been using the technology correctly." Pl.'s Proposed Reply Brief, ECF No. 11 at 9. If anything, plaintiff's counsel has a less convincing excuse. The party in *Fox* was not aware that a motion had been filed; plaintiff's counsel was aware that a motion to dismiss had been filed, but failed to read documents associated with that motion. *See supra* at 8-10.