**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                   )
ROBERT COHEN,                      )
                                   )
       Plaintiff,                  )
                                   )
   v.                              ) Civ. Action No. 14-754 (EGS)
                                   )
BOARD OF TRUSTEES OF THE           )
UNIVERSITY OF THE DISTRICT OF      )
COLUMBIA, et al.,                  )
                                   )
       Defendants.                 )
_____)

## MEMORANDUM OPINION

Plaintiff Robert Cohen failed to file a timely opposition to a motion to dismiss. Over one week late, his counsel sought an extension of time. The defendants opposed, and Mr. Cohen was required to demonstrate excusable neglect for his tardiness. Mr. Cohen admitted that his counsel received notice of the motion to dismiss, but reviewed only the exhibits that were attached to that motion. His counsel concluded that the motion had been improperly filed and that no response was necessary. The Court previously held that this did not constitute excusable neglect, denied the request for an extension of time, and granted the motion to dismiss as conceded. Plaintiff now moves for reconsideration. Upon consideration of the motion, the defendants' response, the applicable law, and the entire record, the Court **DENIES** plaintiff's motion.

**I.   Background**

The background of this case may be gleaned from the Court's prior Opinion. *See Cohen v. Bd. of Trustees*, No. 14-754, 2014 WL 3047503 (D.D.C. July 7, 2014). In sum, the defendants moved to dismiss this case on May 7, 2014 and "plaintiff's opposition was due on May 27, 2014." *Id.* at *1. On June 5, 2014, plaintiff filed an untimely motion to extend that deadline. *See id.* He argued that his tardiness was excusable:

> Mr. King, plaintiff's counsel, asserts that he failed to file an opposition brief because, on the day the motion to dismiss was filed, he "downloaded and opened the document but believed that the PDF document was incomplete because it appeared to start on a random page, and the pages that appeared were the exhibits to the motion." Rather than reviewing all docket entries associated with the motion to dismiss, Mr. King concluded "that the filing was made in error," "waited for a corrected version or a supplement to be filed," and "asked a staff member to also check the filing to confirm that it was missing the actual motion." The staff member also . . . "found the filing to be incomplete."
>
> Approximately one week later, Mr. King "checked the docket again and saw no new entries on the docket to correct the filing." He continued to assume that the motion to dismiss had been entered in error. . . . He now understands that "when he originally attempted to download the motion he simply incorrectly clicked on the wrong link (exhibits instead of leading document)."

*Id.* at *2 (citations omitted).[1]

---

[1] On June 20, 2014—nearly one month after his opposition to the motion to dismiss was due—plaintiff filed his opposition and a motion for leave to amend his complaint. *See id.* at *1 n.3.

2

On July 7, 2014, the Court denied the motion for extension of time. The Court analyzed the four factors provided by the Supreme Court for considering whether excusable neglect exists and found that two factors supported the defendants: (1) the impact-of-delay factor supported the defendants because of numerous delays caused by plaintiff's failures to comply with deadlines throughout this litigation; and (2) the reason-for-delay factor supported the defendants because plaintiff's explanation of his counsel's failure to read documents associated with a dispositive motion did not constitute a reasonable excuse. *See id.* at *2-4 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)).

The Court was thus presented with a motion to dismiss to which no timely opposition had been filed. Accordingly, the Court granted that motion as conceded. *See id.* at *4-5. In light of this, the Court also denied as moot the plaintiff's motion for leave to amend his complaint. *See id.* at *1 n.3. As an additional basis for denying the motion to file an amended complaint, the Court noted that "the motion to amend fails to comply with Local Civil Rule 7(m) because it does not 'include . . . a statement as to whether the motion is opposed.'" *Id.* (alteration in original).

On August 4, 2014, the plaintiff filed the pending motion to amend the Court's judgment pursuant to Federal Rule of Civil

Procedure 59(e), or for reconsideration pursuant to Rule 60(b)(1), (6). *See* Mot. to Reconsider, ECF No. 15. The defendants filed their opposition on August 20, 2014. *See* Opp., ECF No. 16.

**II. Analysis**

   **A.   Plaintiff is Not Entitled to Relief Under Rule 60(b).**

Federal Rule of Civil Procedure 60(b) provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment . . . for . . . (1) mistake, inadvertence, surprise, or excusable neglect [or] . . . (6) any other reason that justifies relief." "The movant has the burden to establish that [he is] entitled to relief under Rule 60(b)." *F.S. v. District of Columbia*, No. 10-1203, 2014 WL 4923025, at *2 (D.D.C. Oct. 2, 2014). Plaintiff's motion never clearly explains how the circumstances of the Court's judgment fall within these provisions; rather, he seeks to relitigate the Court's finding that his delay was not "excusable neglect."

*First*, Mr. Cohen suggests that the Court "resolve all doubts against dismissing the case without addressing the merits." Mot. at 12. The Court has already recognized the "general presumption in favor of resolving disputes on their merits." *Cohen*, 2014 WL 3047503, at *1. "This presumption, however, cannot overrule legal requirements." *Id.* Accordingly, the D.C. Circuit and this Court regularly enforce Local Civil Rule 7(b), which requires

4

that a motion be opposed "[w]ithin 14 days of the date of service" and permits a Court to treat an unopposed motion "as conceded." *See, e.g.*, *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997); *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577-78 (D.C. Cir. 1997); *Inst. for Policy Studies v. U.S. Cent. Intelligence Agency*, 246 F.R.D. 380, 386 (D.D.C. 2007); *Wilson v. Prudential Fin.*, 218 F.R.D. 1, 3-4 (D.D.C. 2003); *Ramseur v. Barreto*, 216 F.R.D. 180, 182-83 (D.D.C. 2003); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002).[2]

*Second*, Mr. Cohen asserts that the Court misapplied the factors relevant to determining whether his failure timely to oppose the motion to dismiss was due to excusable neglect. He claims that the Court failed to analyze each of the factors. *See* Mot. at 13-16. In fact, the Court analyzed each factor and noted

---

[2] Plaintiff's reliance on *Pulliam v. Pulliam*, 478 F.2d 935 (D.C. Cir. 1973) does not alter this conclusion. That case involved a default judgment, the propriety of which was not timely appealed. *Id.* at 935, 937. The D.C. Circuit stated that "a resolution on the merits is preferable to a judgment by default" and that "[w]here the default was a result of counsel's error, his oversight should be forgiven even if it would not be 'excusable neglect' for the purposes of rule 60(b)." *Id.* at 935, 936 n.3. *Pulliam* did not address the grant of an unopposed motion as conceded and, in any event, more recent D.C. Circuit precedent permits such action. *See Bender*, 127 F.3d at 67-68; *Twelve John Does*, 117 F.3d at 577-78.

that "two of the four factors weigh in plaintiff's favor and two weigh against him." *Cohen*, 2014 WL 3047503, at *3.[3]

Mr. Cohen's objection appears to be that the Court relied primarily on a very strong showing on one factor—the reason for delay. *See* Mot. at 14-15. This objection is misplaced. As the Court emphasized, "'the reason for the delay is the most important [factor], particularly if it weighs against granting the extension.'" *Cohen*, 2014 WL 3047503, at *3 (quoting *Embassy of Fed. Republic of Nigeria v. Ugwuonye,* 901 F. Supp. 2d 92, 99 (D.D.C. 2012) (alteration in original); *see also Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 14 (D.D.C. 2003); *Inst. for Policy Studies,* 246 F.R.D. at 382-83; *D.A. v. District of Columbia,* No. 7-1084, 2007 WL 4365452, at *3 (D.D.C. Dec. 6, 2007)).[4] To be sure, the D.C. Circuit has declined to adopt a *per*

---

[3] Plaintiff devotes much of his motion to arguing that the pattern of delay the Court found is excusable. *See* Mot. at 16-22. If anything, plaintiff's discussion of four different excuses for four different delays underscores the Court's concern regarding an ongoing pattern of delay.

[4] The Third Circuit decisions cited by plaintiff are consistent with this analysis. *In re American Classic Voyages Co.*, 405 F.3d 127, 133 (3d Cir. 2005) relied on the fact that three of the four *Pioneer* factors weighed against finding excusable neglect and emphasized that "[a]ll [*Pioneer*] factors must be considered and balanced; no one factor trumps the others." Nonetheless, the Court admittedly "rel[ied] . . . primarily on the third *Pioneer* factor" where the "[d]elay was the direct result of the negligence of . . . counsel in failing to review the Notice sent to him." *Id.* at 134. *George Harms Const. Co. v. Chao*, 371 F.3d 156, 164 (3d Cir. 2004) merely held that "the 'control' factor

6

*se* rule "that garden variety attorney inattention can never constitute excusable neglect," *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003), but neither is it the case that a strong showing that the reason for delay is especially inexcusable can *never* outweigh the other three *Pioneer* factors.[5] Excusable neglect remains an "elastic concept." *Pioneer*, 507 U.S. at 392. Accordingly, an especially strong showing on the reason-for-delay factor may, at least in the unusual circumstances presented in this case, outweigh the other three factors. The unique circumstances of plaintiff's counsel's conduct were, in the Court's view, particularly inexcusable. *See*

---

*does not necessarily* trump all the other relevant factors," not that it may never do so.

[5] On this point, Mr. Cohen over reads the D.C. Circuit's decision in *Vitamins* and a related decision, *Yesudian ex rel. United States v. Howard Univ.*, 270 F.3d 969 (D.C. Cir. 2001). Those decisions "rested less on substance than on the deference afforded the trial court in assessing whether particular facts constitute excusable neglect." *Inst. for Policy Studies*, 246 F.R.D. at 385; *see Vitamins*, 327 F.3d 1210 (the determination "is within the discretion of the district court and the court did not abuse its discretion"); *Yesudian*, 270 F.3d at 971 (emphasizing the "great deference that we owe district courts in what are effectively their case-management decisions") (quotation marks omitted). Neither decision indicated that excusable neglect must be found when there is a very strong showing on the reason-for-delay factor, but the other three factors weigh in favor of finding excusable neglect.

*Cohen*, 2014 WL 3047503, at *3-4. Accordingly, there is no basis for reconsideration under Rule 60(b)(1).[6]

**B.   Plaintiff is Not Entitled to Relief Under Rule 59(e)**

Federal Rule of Civil Procedure 59(e) permits the filing of "[a] motion to alter or amend a judgment." "The law in this Circuit is clear: A 'Rule 59(e) motion may not be used to . . . raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *F.S.*, 2014 WL 4923025, at *1 (quoting *GSS Group Ltd. v. Nat'l Port Auth.*, 680 F.3d 805, 812 (D.C. Cir. 2012) (alteration in original). For this reason alone, Mr. Cohen's request under Rule 59(e) that the Court reconsider its denial of the motion for extension of time and grant of the motion to dismiss as conceded must be **DENIED**. A Rule 59(e) motion, moreover, "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per

---

[6] Mr. Cohen cited Rule 60(b)(6) in his motion, but never explained why this case warrants reconsideration under that provision. It is well-established that Rule 60(b)(6) "should only be sparingly used" in situations involving "extraordinary circumstances" and rarely by "a party who has not presented known facts . . . when it had the chance." *Lightfoot v. District of Columbia*, 555 F. Supp. 2d 61, 70 (D.D.C. 2008) (quotation marks omitted). In the absence of an explanation why Rule 60(b)(6) applies, the Court cannot find any basis for reconsideration under that provision.

8

curiam) (quotation marks omitted). As discussed previously, the Court's denial of his untimely motion for extension of time and grant of defendants' unopposed motion to dismiss were proper. *See supra* Part II.A.

Mr. Cohen raises a third issue: whether this Court erred in denying his motion to file an amended complaint. *See* Mot. at 25–26. Although he does not explain how that issue falls within Rule 59(e) or 60(b), the Court assumes that he intends to argue under Rule 59(e) that the Court's denial of that motion was "clear error" or constitutes a "manifest injustice." This argument must be rejected. To begin, the Court noted that Mr. Cohen's motion for leave to file an amended complaint failed to comply with Local Civil Rule 7(m), which requires a party to confer with his opponent regarding any nondispositive motion "in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement" and to "include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed." No such statement was included in Mr. Cohen's motion and it appears that no such conference ever took place. *See* Opp. to Mot. to Amend, ECF No. 12 at 3–4. For that reason, the motion was properly denied. *See, e.g.*, *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006); *Alexander v. FBI*, 186 F.R.D. 185, 187 (D.D.C. 1999).

9

The motion was also properly denied in light of Mr. Cohen's failure to oppose the motion to dismiss. Mr. Cohen relies on the fact that motions for leave to file an amended complaint are "freely [granted] when justice so requires." Fed. R. Civ. P. 15(a)(2). That does not permit Mr. Cohen to use a motion for leave to file a Second Amended Complaint—submitted nearly one month after the lapsed deadline for opposing a motion to dismiss—to circumvent the requirements of Local Civil Rule 7(b). If, as here, the underlying motion to dismiss is granted as unopposed and the case is dismissed, any subsequently filed motion to amend is rendered moot.

**III. Conclusion**

For the foregoing reasons, the Court **DENIES** plaintiff's motion for reconsideration. An appropriate Order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            December 9, 2014**